# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DIANE JOHNSON**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 13-2458**

**SHIV LODGING, LLC**                           **SECTION: "G"(2)**

## ORDER AND REASONS

This litigation concerns injuries Plaintiff Diane Johnson ("Plaintiff") allegedly sustained when a chair she was sitting in at a hotel owned by Defendant Shiv Lodging LLC ("Defendant") collapsed. Before the Court is Defendant's "Motion for Summary Judgment."[1] Having considered the motion, the memorandum in support, the lack of opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

On May 6, 2012, Plaintiff Diane Johnson was a guest at the Econo Lodge in Kenner, Louisiana, which is owned by Defendant Shiv Lodging, LLC.[2] Plaintiff alleges that "[o]n or about May 6, 2012, the metal outdoor chair in the pool area of defendant's Econo Lodge in which Diane Johnson was sitting collapsed, causing her to fall."[3] According to Plaintiff, [o]ne of the front legs of the chair—which was observed to be rusted after the accident—bent when the chair collapsed."[4] Plaintiff asserts that as a result of the fall, she "sustained a right displaced femoral head fracture, among other injuries," and that "on May 11, 2012, Diane Johnson underwent a right total

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 1 at ¶ 4.

[3] *Id.* at ¶ 5.

[4] *Id.*

anthroplasty surgery."[5]

On April 25, 2013, Plaintiff, represented by counsel, filed the complaint in this matter.[6] In her complaint, Plaintiff asserts that her injuries and damages "were caused solely by the negligence and/or fault of defendant,"[7] and seeks to recover "past and future pain and suffering, both physical and mental; past and future medical and related expenses; permanent disabilities; and/or loss of life's pleasures and enjoyment.[8] On November 27, 2013, Plaintiff's attorneys filed a "Motion to Withdraw,"[9] which the Court granted.[10] On March 14, 2014, Defendant filed the pending "Motion for Summary Judgment,"[11] and on March 27, 2014, Defendant filed a "Certificate of Service," indicating that Plaintiff had been served Defendant's "Motion for Summary Judgment" via U.S. Postal Service Certified Mail.[12] Plaintiff has not filed any opposition to the pending motion.

## II. Parties' Arguments

In support of its "Motion for Summary Judgment," Defendant contends that "Plaintiff has failed to meet the basic evidentiary and procedural burden to support the allegation in the Complaint that she fell and injured herself on Defendant's premises on May 6, 2012, that an alleged collapsed, damaged or defective chair at the pool area of the Econo Lodge caused her to fall and injure herself

---

[5] *Id.* at ¶ 9.

[6] Rec. Doc. 1.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 10.

[9] Rec. Doc. 24.

[10] Rec. Doc. 25.

[11] Rec. Doc. 27.

[12] Rec. Doc. 29.

on Defendant's premises on May 6, 2012, that a collapsed, damaged, or defective chair existed at the pool area of the Econo Lodge on May 6, 2012, or that Defendant had notice of the existence of a collapsed, damaged or defective chair [that] existed at the pool area of [the] Econo Lodge on May 6, 2012."[13]

Defendant explains that Plaintiff "was a long term guest at the Econo Lodge from March 1, 2012 until she checked out on May 7, 2012."[14] According to Defendant, Plaintiff would typically stay at the hotel all day.[15] Defendant claims that initially Plaintiff would come to the lobby every morning for coffee; however, "[a]round the end of March, 2012," Plaintiff stopped coming to the lobby, and "maintenance supervisor at Econo Lodge, Eduardo Rodriguez, would bring Ms. Johnson coffee to her room in the morning."[16] Plaintiff allegedly did not come down to the lobby again until she and her family checked out of the hotel on May 7, 2012.[17]

Defendant avers that "[d]uring their stay at the Econo Lodge, neither Ms. Johnson nor her family reported to Econo Lodge that Ms. Johnson allegedly fell out of [a] collapsed, damaged or defective chair at the pool area of Econo Lodge and injured herself."[18] Further, Defendant claims that "Econo Lodge is not aware of the existence of any collapsed, damaged or defective chair at the pool area of Econo Lodge which is alleged to have collapsed on May 6, 2012."[19] Additionally, "prior

---

[13] Rec. Doc. 27-1 at p. 8–9.

[14] *Id.* at p. 1.

[15] *Id.* at p. 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

to the alleged incident on May 6, 2012, Econo Lodge did not have notice of, was not aware of, was not told of, and did not notice or find any allegedly collapsed, damaged or defective chair at the pool area."[20] According to Defendant, "[t]he first notice that Econo Lodge received that an allegation was being made that Plaintiff fell out of a collapsed, damaged or defective chair at the pool area of Econo Lodge on May 6, 2012 was in approximately March, 2013, when the front desk clerk for Econo Lodge, Ms. Linda Johnson, received a phone call from Plaintiff's daughter."[21] Allegedly, "Plaintiff's daughter informed Ms. Linda Johnson that an attorney would be contacting her and asked Ms. Linda Johnson to tell the attorney that she witnessed Plaintiff falling out of a chair."[22] The desk clerk told Plaintiff's daughter that she had not seen Plaintiff fall and would not lie.[23]

In its motion, Defendant also explains that it has been unable to take the deposition of Plaintiff. While Plaintiff was represented by counsel, Plaintiff's deposition was scheduled for November 18, 2014; however, it was cancelled due to Plaintiff's health.[24] Defendant alleges that since Plaintiff's counsels' withdrawal:

> Defendant forwarded a letter to Plaintiff, Diane Johnson, via U.S. Postal Service Certified Mail, which was signed for pursuant to the attached return receipt, thereby setting Ms. Diane Johnson's deposition for January 16, 2012, and attaching the Notice of Deposition setting the same. Ms. Johnson did not appear at the deposition on January 16, 2014. A Proces Verbal of the scheduled deposition of Ms. Johnson was taken, which is attached hereto as Exhibit "F". Prior to the scheduled deposition on January 16, 2014, neither Ms. Diane Johnson, nor anyone one her behalf,

---

[20] *Id.* at pp. 2–3.

[21] *Id.* at p. 3.

[22] *Id.*

[23] *Id.*

[24] *Id.* at pp. 3–4.

contacted counsel for Defendant.[25]

Plaintiff has not filed any opposition to the pending motion.

### III. Law and Analysis

**A.      Standard on a Motion for Summary Judgment**

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[27] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[28] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[29]

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact.[30] If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come

---

[25]*Id.* at p. 4.

[26] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[27] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[28] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[29] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[30] *Celotex*, 477 U.S. at 323.

5

forward with evidence that would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[31] The nonmoving party can then defeat the motion for summary judgment by either countering with sufficient evidence of its own or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[32] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[33]

Although the Fifth Circuit forbids a district court from granting summary judgment merely because the motion is unopposed, if the Court's independent review of the record reveals that there are no genuine disputes as to any material facts, granting summary judgment is appropriate.[34]

## B.    Applicable Law

This Court's subject matter jurisdiction was invoked pursuant to 28 U.S.C. § 1332, which provides original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. As a federal court exercising diversity jurisdiction, it is "axiomatic" that this Court must apply Louisiana law to resolve matters of substantive law presented in the pending motion and "attempt to discern how Louisiana's highest court would resolve the issues at hand."[35] Although that doctrine is equally applicable when a federal court is "[a]ddressing an unsettled area of Louisiana law," federal courts should "avoid creating new rights and remedies in

---

[31] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991).

[32] *Id.* at 1265.

[33] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[34] *Hibernia Nat. Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

[35] *In re Whitaker Const. Co. Inc.*, 411 F.3d 209, 209 n.4 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

Louisiana state law where [the court] lack[s] express statutory authority or clear directive from the Louisiana Supreme Court."[36]

## C.      Liability Under Louisiana Law

An individual is responsible for the damage caused by things in his custody.[37] Specifically, Louisiana Civil Code Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.[38]

In the past, custodians were strictly liable under Louisiana law for injuries caused by things in their custody under Article 2317.1. In 1996, however, the state legislature amended the Civil Code to impose a negligence standard.[39] Now, in order to prevail on a custodial liability claim, a plaintiff must demonstrate "that (1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect."[40]

## D.      Analysis

Defendant asserts that Plaintiff has offered no evidence showing that a defective chair was in the pool area of the Econo Lodge on May 6, 2012; that a defective chair caused Plaintiff's alleged

---

[36] *Id.*

[37] La. Civ. Code. Art. 2317.

[38] La. Civ. Code Art. 2317.1.

[39] *Coulter v. Texaco, Inc.*, 117 F.3d 909, 913 n.8 (5th Cir. 1997)

[40] *Cormier v. Dolgencorp., Inc.*, 136 F. App'x 627, 627–28 (5th Cir. 2005) (citing La. Civ. Code Art. 2317, 2317.1).

injuries; or that Defendant knew or should have known of the allegedly defective chair.[41] Indeed, the record is devoid of any evidence supporting the existence of the defective chair, describing the condition and appearance of the allegedly defective chair, describing Plaintiff's fall, or explaining Plaintiff's damages. In contrast, Defendant has submitted various sworn affidavits indicating that the incident did not take place and that no defective chair was present in the pool area. For example, Paul Patel, owner and operator of Defendant and the Econo Lodge, Eduardo Rodriguez, and Linda Johnson all state in their affidavits that during their stay at the Econo, neither Plaintiff nor her family ever reported the allegedly collapsing chair.[42] Further, Linda Johnson explains in her affidavit that she was first made aware of the alleged fall in March 2013—nearly ten months later—when Plaintiff's daughter called the hotel and asked Linda Johnson to tell an attorney that she had witnessed the alleged fall.[43] With respect to whether Defendant knew or should have known of the defect, Mr. Patel, Mr. Rodriguez, and Ms. Linda Johnson all state that they were unaware of any defective chair.[44] Moreover, Mr. Rodriguez represents that as the maintenance supervisor, he "routinely inspect[s] this pool side area, including the furniture and equipment" and never "noticed, found, or discarded any collapsed, damaged or defective chair in the pool area."[45]

---

[41] Rec. Doc. 27-1 at p. 4.

[42] *See* Rec. Doc. 27-4, Affidavit of Paul Patel, dated Mar. 14, 2014 at ¶ 5; Rec. Doc. 27-5, Affidavit of Eduardo Rodriguez, dated Mar. 14, 2014 at ¶ 7; Rec. Doc. 27-6, Affidavit of Linda Johnson, dated Mar. 14, 2014 at ¶ 7.

[43] Rec. Doc. 27-6, Affidavit of Linda Johnson, dated Mar. 14, 2014 at ¶¶ 11–13.

[44] *See* Rec. Doc. 27-4, Affidavit of Paul Patel, dated Mar. 14, 2014 at ¶ 7; Rec. Doc. 27-5, Affidavit of Eduardo Rodriguez, dated Mar. 14, 2014 at ¶ 8; Rec. Doc. 27-6, Affidavit of Linda Johnson, dated Mar. 14, 2014 at ¶ 8.

[45] Affidavit of Eduardo Rodriguez, dated Mar. 14, 2014 at ¶¶ 10–11.

### IV. Conclusion

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[46] The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact.[47] Here, Defendant has pointed to the affidavits Mr. Patel, Ms. Linda Johnson, and Mr. Rodriguez, which indicate that a fall was never reported until nearly ten months after the alleged incident, that the pool area and the furniture were regularly inspected, and that no defective chair was ever discovered by Defendant. Plaintiff has not identified any facts in the record to prove the elements of her case. Considering the evidence to which Defendant has cited, and that Plaintiff may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial,[48]

**IT IS HEREBY ORDERED** that Defendant's "Motion for Summary Judgment"[49] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  19th  day of May, 2014

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322–23; *Little*, 37 F.3d at 1075.

[47] *Celotex*, 477 U.S. at 323.

[48] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d at 458.

[49] Rec. Doc. 27.